UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL CORONADO GONZALEZ, A-098-802-784,<br><br>Petitioner,<br><br>v.<br><br>MOISES BECERRA, et al.,<br><br>Respondents. | No. 1:26-cv-3384 DC AC<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, a former federal immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This action was referred to the undersigned by the district judge and by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

On May 4, 2026, the court received petitioner's petition, along with a motion for temporary restraining order. ECF Nos. 1, 2. The court denied the motion, finding that petitioner was unlikely to succeed on the merits of his claim that his present detention violates his statutory or constitutional rights to due process. This finding was based on respondent's showing that petitioner's removal order had been reinstated and that petitioner was mandatorily detained during the removal period; petitioner did not contest that he was subject to a reinstated order of removal. ECF No. 9. The matter was referred to the undersigned.

The undersigned issued a further briefing order, allowing for further briefing and evidence. ECF No. 10. After petitioner's copy of the court's ruling on the motion for temporary

restraining order and the further briefing order were returned as undeliverable, and the undersigned was unable to locate the petitioner on the Immigration and Custom Enforcement's Online Detainee Locator System, respondent was ordered to "file a status report regarding petitioner's custody, including whether he has been released and/or removed , and if so, when and where." ECF No. 11.

Respondent's status report indicates that petitioner was removed to Mexico on May 13, 2026. ECF No. 12. Respondent provides a declaration from a deportation officer confirming petitioner's removal. ECF No. 12-1. Respondent argues that in light of petitioner's removal, the habeas petition is moot. ECF No. 12 at 2.

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of the federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be addressed by a favorable decision." Id. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings[.]" Id.

Given petitioner's removal from the United States, and lack of evidence that he is in immigration custody, the undersigned finds that no case or controversy exists and recommends this action be dismissed as moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention."). Additionally, because the court never reached the merits of this case, the undersigned recommends that dismissal be without prejudice.

Accordingly, **IT IS HEREBY RECOMMENDED** that petitioner's petition for writ of habeas corpus (ECF No. 1) be DISMISSED WITHOUT PREJUDICE and the clerk of the court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue is

moot as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 19, 2026

Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE